UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RONALD L. AMOS, )
)
    Plaintiff, )
)
)
v. ) 3:04-CV-422
) (VARLAN/GUYTON)
)
JO ANNE B. BARNHART, )
Commissioner )
of Social Security, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for judgment on the pleadings [Doc. 9], and the defendant's motion for summary judgment. [Doc. 11]. The plaintiff, Ronald L. Amos, seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner.

The ALJ made the following findings:

> 1. The claimant met the nondisability requirements for a period of disability and disability insurance benefits, as set forth in Section 216(i) of the Social Security Act, on July 19, 1992 and he continued to meet them through December 31, 1998, but not thereafter.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. § 404.1527).

7. The claimant has the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently. He has no other limitations.

8. The claimant is unable to perform any of his past relevant work (20 C.F.R. § 404.1565).

9. The claimant is a "younger individual between the ages of 18 and 44" (20 C.F.R. § 404.1563).

10. The claimant has a "high school (or high school equivalent) education" (20 C.F.R. § 404.1564).

11. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. § 404.1568).

12. The claimant has the residual functional capacity to perform the full range of medium work (20 C.F.R. § 404.1567).

13. Based on an exertional capacity for medium work, and the claimant's age, education, and work experience,

> a finding of "not disabled" is directed by Medical-Vocational Rule 203.28.
>
> 14. The claimant was not under a "disability" as defined in the Social Security Act, at any time through December 31, 1998, the date he was last insured for Title II disability insurance benefits (20 C.F.R. § 404.1520(f)).

(Tr. 40-41).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir.1987); Landsaw v. Secretary of Health & Human Services, 803 F.2d 211, 213 (6th Cir.1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health & Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (held that in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff, who was 48 years old when his insured status expired on December 31, 1998, has a high school education and past work experience as a janitor. (Tr. 29, 40, 69, 88, 92, 551, 573). He alleges that he became disabled on July 19, 1992, due to breathing problems, a sleep disorder, and back problems. (Tr. 69, 84). However, the ALJ found that plaintiff's impairments did not significantly limit his ability to work (Tr. 29-30, 37) and that he retained the residual functional capacity ("RFC") to perform medium work, i.e., to lift and carry 50 pounds occasionally and 25 pounds frequently. (Tr. 40-41, Finding Numbers 7 and 12).

First, plaintiff asserts that all the examining source opinions were contrary to the opinion of medical expert Dr. Blickenstaff, who opined that, based on the objective medical evidence, plaintiff could lift 50 pounds occasionally and 25 pounds frequently. (Tr. 594, 599). Plaintiff argues that every physician of record who examined him opined that he had substantially greater limitations than those cited by Dr. Blickenstaff, who never examined him. Thus, plaintiff maintains that the ALJ erred in basing his conclusion upon the opinion of Dr. Blickenstaff.

The Commissioner, however, argues that the ALJ did not err in relying on the opinion of Dr. Blickenstaff, noting that there is no requirement that a medical expert's opinion be consistent with an examining physician's opinion. She points out that Dr. Gouffon, an orthopedist who performed a consultative examination of plaintiff, found that he could occasionally lift 50 pounds, frequently lift 35 pounds, and sit or stand without limitation, and thus, could do medium work. (Tr. 232-37). He wrote, "this man has subjective complaints of back pain which cannot be confirmed by clinical examination," as there was no muscle spasm or

4

wasting, straight leg raising was normal, and the neurologic examination was negative. (Tr. 232). In addition, state agency physician Dr. Cowden reviewed the plaintiff's records and opined that plaintiff could perform medium work, with no manipulative limitations. (Tr. 209-14). Therefore, the Commissioner argues that all of the examining physicians' opinions were <u>not</u> contrary to Dr. Blickenstaff's opinion because Dr. Gouffon also found plaintiff could perform medium work, as did reviewing physician Dr. Cowden. (Tr. 37, 210-14).

Plaintiff next argues that, in adopting Dr. Blickenstaff's opinion which was based "purely on objective evidence," the ALJ failed to consider plaintiff's alleged symptoms, especially his limitations on pushing/pulling and reaching relative to his right shoulder arthritis. (Tr. 38). Plaintiff maintains that Dr. Blickenstaff addressed only lifting capacity, whereas Drs. Gagliardi and Uzzle found that plaintiff, who had right shoulder arthritis, would have difficulty with pushing/pulling and/or reaching.

However, the Commissioner maintains that the ALJ considered plaintiff's alleged symptoms at length in his decision. (Tr. 29-38). Furthermore, the ALJ noted that the objective medical evidence was inconsistent with plaintiff's symptoms. (Tr. 38) 20 C.F.R. § 404.1529(c)(2). With respect to the plaintiff's right shoulder arthritis, the ALJ determined that it did not significantly limit his ability to work, as Drs. Gouffon, Blickenstaff, and Cowden did not find that plaintiff had any limitations due to his right shoulder, and Dr. Uzzle found that plaintiff's separated right shoulder was clinically insignificant. (Tr. 29-30, 37, 212, 236, 258, 594). Moreover, the ALJ noted that the examinations of Dr. Gagliardi and Dr. Uzzle demonstrated that plaintiff exaggerated his complaints; that plaintiff failed to follow medical

5

advice to lose weight and quit smoking; and that restrictions on plaintiff's activities appeared to be self-imposed. (Tr. 37-38, 258, 305). Lastly, the Commissioner points out that while the ALJ used the Grid to direct a finding based on medium work, the ALJ, in the alternative, asked the vocational expert to consider Dr. Uzzle's opinion that restricted plaintiff to light work, with restrictions for his right shoulder, as an alternative basis for finding plaintiff not disabled. (Tr. 307-09, 600-01).

"Administrative law judges may also ask for and consider opinions from medical experts on the nature and severity of your impairment(s) and on whether your impairment(s) equals the requirements of any impairment listed in appendix 1 to this subpart." 20 C.F.R. § 404.1527(f)(2)(iii). A medical expert's testimony, which is consistent with the evidence of record, represents substantial evidence to support the ALJ's decision. (Tr. 34) <u>Atterberry v. Secretary of Health and Human Services</u>, 871 F.2d 567, 570 (6th Cir. 1989); <u>Hale v. Secretary of Health and Human Services</u>, 816 F.2d 1078, 1083 (6th Cir. 1987).

I find the Commissioner's arguments persuasive regarding the weight given the opinion of Dr. Blickenstaff. As the Commissioner demonstrated, Dr. Blickenstaff's opinion was not contrary to opinions of <u>all</u> the examining physicians because Dr. Gouffon also determined that plaintiff could perform medium work. (Tr. 37). Moreover, although Dr. Cowden was not an examining physician, he, too, concluded that plaintiff could perform medium work, and the ALJ reasonably relied on his opinion. (Tr. 37) 20 C.F.R. § 404.1527(f)(2)(i) ("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability

6

evaluation."). Furthermore, I find that the ALJ reasonably explained his rationale for rejecting the opinions of other physicians. (Tr. 30-38). Lastly, the Court notes that plaintiff's own attorney stated at the administrative hearing that plaintiff "doesn't have the strongest objective medical evidence in the world." (Tr. 604).

Next, as the Commissioner points out, the ALJ discussed at length plaintiff's symptoms. (Tr. 30-39). She further points out that Drs. Gouffon, Blickenstaff, and Cowden did not find that plaintiff had any limitations due to his right shoulder, and Dr. Uzzle found that plaintiff's separated right shoulder was clinically insignificant. (Tr. 258). Also, the opinions of Dr. Gagliardi and Dr. Uzzle, as the ALJ noted, indicate that plaintiff exaggerated his complaints. (Tr. 29-30, 37-38, 212, 236, 258, 305, 594). Accordingly, I find that the ALJ properly concluded that plaintiff's symptoms, including his right shoulder arthritis, did not preclude his ability to work and that substantial evidence on the record as a whole supports the ALJ's decision. (Tr. 35) Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 247 (6th Cir. 1987) (ALJ's function is to determine what medical restrictions a plaintiff is under and how they affect his RFC.).

In light of the foregoing, it is hereby **RECOMMENDED** that the plaintiff's motion for judgment on the pleadings [Doc. 9] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 11] be **GRANTED**.[1]

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).